# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBERT ELTON,** | **)** | |
| | **)** | |
| **Petitioner,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 06-CV-389-TCK-FHM** |
| | **)** | |
| **JANET DOWLING, Warden,** | **)** | |
| | **)** | |
| **Respondent.** | **)** | |

## RESPONSE IN OPPOSITION TO MOTION FROM RELIEF
## OF JUDGMENT PURSUANT TO FED. R. CIV. P. RULE 60(b)(4) and (6)

COMES NOW Respondent, by and through the Attorney General of the State of Oklahoma, and responds in opposition to Petitioner's Motion from Relief [of] Judgment Pursuant to Fed. R. Civ. P. 60(B)(4)(6), where the Previous Judgment is Void filed on February 25, 2022 (Doc. 15). On November 19, 2009, this Court denied Petitioner's 28 U.S.C. § 2254 habeas petition (Docs. 13-14). Petitioner, an Oklahoma state prisoner proceeding *pro se*[1], now asks this Court to reconsider its dismissal of his petition pursuant to "Fed. R. Civ. P., Rule 60(b)(4) and (6)" (Doc. 15 at 1).[2] Petitioner's motion should be dismissed as an unauthorized second or successive habeas petition. Further, this Court should not transfer this motion to the Tenth Circuit because Petitioner's second or successive habeas petition does not meet the requirements for a second or successive petition under 28 U.S.C. § 2244(b). In support of this claim, Respondent submits the following.

---

[1] As Petitioner is proceeding *pro se*, his pleadings will be given liberal construction. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] All page citations will be to the page number depicted in the CM/ECF header.

I.      **Procedural History**

Petitioner was convicted of Robbery with a Dangerous Weapon (Count 1) and Assault and Battery with a Deadly Weapon (Count 2) in the District Court of Tulsa County Case No. CF-2002-5476 and sentenced to fifty (50) years on Count 1 and ten (10) years on Count 2 (Doc. 9, Exhibit 3 at 1).

Petitioner filed a direct appeal of his conviction which was affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") in an unpublished opinion on March 2, 2005, in Case No. F-2003-1335 (Doc. 9, Exhibits 1-3).  Petitioner's conviction became final on May 31, 2005, when the ninety-day period for seeking certiorari in the United States Supreme Court expired.  *See* 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (finding petitioner's "conviction became 'final' through 'the conclusion of direct review or the expiration of the time for seeking such review' under § 2244(d)(1)(A)").

On December 15, 2005, Petitioner filed an Application for Post-Conviction Relief in state district court which was denied on February 3, 2006 (Doc. 9, Exhibits 4 and 6).  Petitioner appealed to the OCCA in Case No. PC-2006-218, and the OCCA affirmed the state district court's denial of relief (Doc. 9, Exhibit 7).

On July 26, 2006, Petitioner filed a habeas petition raising the following three grounds for relief:

> Ground 1:      Elton's convictions are violative of Oklahoma's prohibition against double jeopardy and double punishment, and the State of Oklahoma is barred by doctrines of res judicata and/or estopped from arguments inconsistent with preliminary hearing position, requesting charge of intent to kill.
>
> Ground 2:      Mr. Elton did not receive reasonably competent counsel – trial counsel's failure to communicate effectively with Petitioner Elton or communicate with the district court, request a neurological evaluation or inform the court of mitigating

> circumstances are evidence that Elton's counsel's independent
> decisions to withhold such communication is strictly ineffective and
> does not serve any strategic purpose, falling below an objective
> standard of reasonableness.
>
> Ground 3:      Disproportionate sentence – sentence violative of the
> Petitioner's Eighth Amendment right to be free from cruel and
> unusual punishment/statute contrary to *Apprendi v. New Jersey*.

(Doc. 1; Doc. 13 at 5).

On November 19, 2009, this Court denied Petitioner's habeas petition (Docs. 13-14).

On February 25, 2022, Petitioner filed the instant Motion for Relief from Judgment.  In his

motion, Petitioner is attacking the disposition of his habeas petition and alleges his motion is filed

pursuant to Fed. R. Civ. P. "60(b)(c)."  (Doc. 15 at 2).

## II.    Petitioner's Motion is an Unauthorized Second or Successive Habeas Petition that Should be Dismissed

In his motion, Petitioner is raising a new claim that the State of Oklahoma lacked authority

to prosecute him pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) as he is an Indian and

the crime occurred in Indian Country.  (Doc. 15).

### A. Petitioner's Rule 60(b) Motion is an Unauthorized Second or Successive Habeas Petition

When considering a Rule 60(b) motion in the habeas context, this Court must "first

determine . . . whether the motion is a true Rule 60(b) motion or a second or successive petition,"

or a "mixed" motion.  *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).  Importantly, this

Court has no jurisdiction to consider a second or successive habeas petition without prior

authorization from the Tenth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or

successive application permitted by this section is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the

application.").  Accordingly, while a district court may rule on a "true" habeas Rule 60(b) motion

"as it would any other Rule 60(b) motion," a district court may not rule on a second or successive habeas petition and instead must dismiss such a petition or transfer it to the Tenth Circuit. *Id.* 464 F.3d at 1217; *see also In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

In *Spitznas*, the Tenth Circuit expounded on the differences between "true" Rule 60(b) motions and second or successive habeas petitions. A Rule 60(b) motion filed in a habeas proceeding is a "true" 60(b) motion:

> if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas*, 464 F.3d at 1215-16. An example of such a proper Rule 60(b) motion, *Spitznas* explained, would be "a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations." *Id.* at 1216.

In contrast, "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. As examples, *Spitznas* explained, "a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition"; "a motion seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied"; or "a motion seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim." *Id.* at 1216 (quotation marks omitted).

Here, Petitioner's Rule 60(b) motion is clearly a second or successive habeas petition, and it is in no respect a true 60(b) motion. In his motion, Petitioner's new claim and supporting arguments, renders Petitioner's 60(b) motion as a second or successive habeas petition. *See id.* at 1215-16 (explaining a 60(b) motion is truly a second or successive petition if the motion is

4

"seeking to present a claim of constitutional error omitted from the movant's initial habeas petition" or is "a motion seek[ing] vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim") (quotation marks omitted)).

Petitioner argues that his motion should be exempt from being characterized as a second or successive petition as he is challenging the state court's jurisdiction over his case.  However, the Tenth Circuit has specifically held that jurisdictional challenges to a conviction are properly treated as second or successive claims.  *Yellowbear v. Hill*, 859 Fed. Appx. 295, 298 (10th Cir. 2021) (unpublished) (citing *In re Cline*, 531 F.3d at 1253 (jurisdictional challenges "are 'effectively indistinguishable' from habeas claims")).[3]

Further, Petitioner has presented no evidence or indication that he has received permission from the Tenth Circuit to file this second or successive habeas petition.   This Court lacks jurisdiction to consider Petitioner's claims.  *Spitznas*, 464 F.3d at 1217.

**B. Petitioner's Unauthorized Second or Successive Habeas Petition Does Not Warrant Transfer to the Tenth Circuit pursuant to § 2244(b)(1)**

As Petitioner's Rule 60(b) motion is an unauthorized second or successive habeas petition, this Court must decide whether to dismiss it for lack of jurisdiction or transfer it to the Tenth Circuit.  Previously, the practice when a successive petition was filed on the same judgment and sentence was to transfer the petition to the Tenth Circuit for authorization to file the successive petition.  *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).  However, the Tenth Circuit explained and clarified this procedure in *In re Cline*, 531 F.3d at 1252, stating the district court need not always transfer a successive petition for authorization, as the statement in *Coleman*

---

[3] This case is cited pursuant to Fed. Rule of Appellate Procedure Rule 32.1 and 10th Circuit Rule 32.1 for persuasive purposes only.

was not intended to be a mandatory transfer requirement.  As shown below, here, it is not in the interest of justice for this Court to transfer Petitioner's petition.

It is not in the interest of justice to transfer because it is clear that the Tenth Circuit would not authorize a second or successive habeas petition based on Petitioner's *McGirt* claim, as such a claim does not meet the statutory requirements for authorization.  *See Petty v. Crow*, No. CIV-21-1175-C, 2021 WL 6495054, at *3 (W.D. Okla. Dec. 20, 2021), *report and recommendation adopted*, No. CIV-21-1175-C, 2022 WL 124735 (W.D. Okla. Jan. 12, 2022) (unpublished) ("Because Petitioner's petition does not meet the statutory requirements for authorization, it would be a waste of judicial resources to transfer this case to the Tenth Circuit.").  It is a petitioner's burden to make a *prima facie* showing that he satisfies the AEDPA criteria required for filing a second or successive petition. 28 U.S.C. § 2244(b)(3)(C).  In order to be authorized to file a second or successive petition, a petitioner must:

> (A) . . . show[] that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
>
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence, that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, as to § 2244(b)(2)(A), the Tenth Circuit has already held that *McGirt* does not constitute "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *See In re Davis*, No. 21-7030 (10th Cir. July 6, 2021) (unpublished), Exhibit "1"

(denying authorization to file a second or successive habeas petition under 28 U.S.C. § 2244(b)(2)(A) because *McGirt* is not a retroactive new rule of constitutional law); *In re Morgan*, No. 20-6123 (10th Cir. Sept. 18, 2020) (unpublished), Exhibit "2" (same).

As to § 2244(b)(2)(B), Petitioner cannot show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" or that these facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Petitioner] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). The state district court's order denying Petitioner's second post-conviction application, attached to Petitioner's Rule 60(b) Motion, states that he has been an enrolled citizen of the Chippewa Cree Tribe since 1992, years prior to both his crime in 2002 and the filing of his first habeas petition in 2006 (Doc. 15 at 20). Thus, the facts underlying Petitioner's *McGirt* claim were "known or discoverable by him at the time of his crime and subsequent criminal proceedings and before he filed his first habeas petition." *Petty*, 2021 WL 6495054, at *3 (declining to transfer successive habeas petition with *McGirt* claim where "Petitioner does not identify any facts underlying his jurisdictional claim that did not exist in 2010 when he filed his first § 2254 application"); *Glaze v. Nunn*, No. CIV-21-1204-D, 2022 WL 263203, at *3-4 (W.D. Okla. Jan. 4, 2022), *report and recommendation adopted*, No. CIV-21-1204-D, 2022 WL 256333 (W.D. Okla. Jan. 26, 2022) (unpublished) (same). Nor is a *McGirt* claim a claim of actual innocence that would show "no reasonable factfinder would have found [Petitioner] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii); *see Mathews v. Elhabte*, No. CIV-21-1023-R, 2022 WL 376376, at *5 (W.D. Okla. Jan. 5, 2022), *report and recommendation adopted*, No. CIV-21-1023-R, 2022 WL 363357 (W.D. Okla. Feb. 7, 2022) (unpublished) (concluding that *McGirt* claim was not claim of factual innocence).

In addition, transfer is further unwarranted because any new habeas petition would be untimely. *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum . . . ."). For essentially the same reasons Petitioner's *McGirt* claim does not satisfy § 2244(b)(2), it does not meet the requirements for a new triggering date under either § 2244(d)(1)(C) or (d)(1)(D). *See* 28 U.S.C. § 2244(d)(1)(C) ("the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); 28 U.S.C. § 2244(d)(1)(D) ("the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"); *see also Berry v. Braggs*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020) (unpublished) ("Because the *McGirt* ruling did not recognize any new constitutional right relevant to petitioner's jurisdictional claim, § 2244(d)(1)(C) does not apply to that claim."); *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *5 (W.D. Okla. Sept. 15, 2021), *report and recommendation adopted*, No. CIV-21-00183-PRW, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021) (unpublished) ("[E]ven if the *McGirt* decision alerted Petitioner to the legal significance of his tribal membership and the location of the crimes, it does not trigger a new start date under § 2244(d)(1)(D).").

Nor would any new habeas petition be timely pursuant to when Petitioner's judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). A review of Petitioner's docket sheet in Tulsa County District Court Case No. CF-2002-5476 reveals a span of several years—leading up to the filing of his second post-conviction application in 2020—in which he submitted no filings whatsoever. *See Mitchell v. Dowling*, 672 Fed. Appx. 792, 794 n.2 (10th

Cir. 2016) (unpublished) (taking judicial notice of state court docket sheet to confirm filing dates of motions). Given this clear lack of statutory tolling for multiple years, Petitioner's statute of limitations under § 2244(d)(1)(A) plainly lapsed years ago. Furthermore, this long span without filings belies any notion that Petitioner has been diligent, precluding equitable tolling. *See Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). Finally, as already stated, Petitioner's *McGirt* claim does not implicate factual innocence, so he would not be entitled to the actual innocence gateway to overcome his untimely filing. *See Mathews*, 2022 WL 376376, at *5.

## **CONCLUSION**

Petitioner's motion from relief of judgment pursuant to Rule 60(b) is, in fact, an unauthorized second or successive habeas corpus petition. Therefore, Respondent respectfully requests that this Court dismiss the motion for lack of jurisdiction and decline to transfer same to the circuit court.

<div style="margin-left: 40%;">

Respectfully submitted,

**JOHN M. O'CONNOR**
**ATTORNEY GENERAL OF OKLAHOMA**

<u>**s/ JENNIFER MILLER**</u>
**JENNIFER MILLER, O.B.A. # 12074**
**DEPUTY ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Fax: (405) 522-4534
Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

</div>

## <u>CERTIFICATE OF SERVICE</u>

<u>X</u>        I hereby certify that on the 16th day of March, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

<u>X</u>        I hereby certify that on the 16th day of March, 2022, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Robert Elton, #458029
Dick Conner Correctional Center
129 Conner Road
Hominy, OK  74035-0220

<u>s/ Jennifer B. Miller</u>